IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**JOHN EDWARD BURNS LOPEZ, et al.**

　Appellants,

　v.

**SCOTIABANK DE PUERTO RICO, et al.**

　Appellee.

CIVIL NO. 15-2940 (PAD)

**MEMORANDUM AND ORDER**

Delgado-Hernández, District Judge.

　　Debtors John Edward Burns López and Nilda M. Jiménez-Collazo appeal from the bankruptcy court's judgment dismissing an adversary proceeding. Before the court is Scotiabank's motion to dismiss the appeal as premature (Docket No. 4), which remains unopposed. For the reasons that follow, Scotiabank's motion is granted and the appeal dismissed without prejudice.

**I.　BACKGROUND**

　　Debtors initiated an adversary proceeding against Scotiabank and Fannie Mae related to the bankruptcy case filed by them under Chapter 13 of the Bankruptcy Code, 11 U.S.C. § 101 et seq.[1] The bankruptcy court (Hon. Brian K. Tester) dismissed the case, ordering the Clerk to dismiss and close any related contested matter or adversary proceeding. See, Order Dismissing Case at Docket No. 24 in Bankruptcy case No. 15-5456. In compliance with the order, the Clerk entered judgment dismissing the adversary proceeding. See, Judgment at Docket No. 8 in

---

[1] No additional details pertaining to the main bankruptcy case were provided by the debtors/appellants. Even though the copy of the Docket Report regarding the adversary proceeding relates the same to a Chapter 13 petition, the judgment questioned herein refers to a Chapter 11 petition. This distinction, however, is irrelevant for purposes of the appeal.

Adversary Proceeding No. 15-208. Debtors moved for reconsideration (Docket No. 12), and almost a month later, filed the appeal here (Docket No. 1).

## II.  DISCUSSION

The court has jurisdiction to hear appeals from "final judgments, order and decrees" 28 U.S.C. § 152 (a)(1) or, "with leave of the court, from other interlocutory orders and decrees." 28 U.S.C. § 152 (a)(3). "A decision is final if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" In re Shepherds Hill Development Co., LLC, 316 B.R. 406, 413 (quoting, Fleet Data Processing Corp. v. Branch, 218 B.R. 643, 646 (1st Cir. BAP 1998)).

Bankruptcy Rule 8002(b)(1), however, provides that if a party timely files in the bankruptcy court any of the other motions listed therein, the time to appeal runs for all parties from the entry of the order disposing of that motion.[2] In the same way, Rule 8002(b)(2) states that "[i]f a party files a notice of appeal after the court announces or enters a judgment, order or decree – but before it disposes of any motion listed in subdivision (b)(1) – the notice becomes effective when the order disposing of the last such remaining motion is entered."

Scotiabank contends that the appeal must be dismissed as premature, because the motion for reconsideration is still pending before the bankruptcy court. The court agrees. As previously explained, when, as here, a notice of appeal is filed after announcement or entry of the judgment, but *before* disposition of a timely motion for reconsideration, it is ineffective. Id. It may not be used to challenge the judgment specified in the notice of appeal, until entry of the order disposing

---

[2] Rule 8002(b)(1) lists the following motions: (A) to amend or make additional findings under Rule 7052, whether or not granting the motion would alter the judgment; (B) to alter or amend the judgment under Rule 9023 (which incorporates Fed.R.Civ.P. 59); (C) for a new trial under Rule 9023; or (D) for relief under Rule 9024 (which incorporates Fed.R.Civ.P.60) if the motion is filed within 14 days after the judgment is entered.

John E. Burns-López, *et al.* v. Scotiabank de Puerto Rico
Civil No. 15-2940
Memorandum and Order
Page 3

of the motion for reconsideration. "In such cases, the bankruptcy court retains jurisdiction." See, Collier on Bankruptcy ¶ 8002.10 at 8002-14 (2014). So the appeal must be dismissed, without prejudice.

### III.   CONCLUSION

In view of the foregoing, Scotiabank's motion to dismiss the appeal as premature (Docket No. 4) is GRANTED. The appeal is dismissed without prejudice. Judgment shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 8th day of June, 2016.

                                         s/Pedro A. Delgado-Hernández
                                         PEDRO A. DELGADO-HERNÁNDEZ
                                         United States District Judge